UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER MICHELINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.1:22-cv-4495 |
| | ) | |
| I.C. SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

The Plaintiff, ALEXANDER MICHELINI ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, I.C. SYSTEM, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in the City of Chicago, Cook County, State of Illinois.

1

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency with a principal place of business located in the Village of Vadnais Heights, State of Utah.

11. Defendant is a business entity engaged in the collection of debt within the State of Illinois.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acts through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with an account with RCN Corporation, an internet and cable provider.

19. The alleged debt at issue arises from transactions for personal, family, and household

purposes.

20. Plaintiff does not owe the alleged debt that Defendant seeks to collect.

21. Plaintiff never owed the alleged debt that Defendant seeks to collect.

22. Plaintiff has never had an account with RCN.

23. Plaintiff's lease at the River City Apartments in Chicago included internet and cable through RCN.

24. Plaintiff's apartment at the River City Apartments came furnished with equipment for internet and cable.

25. Plaintiff was never asked or required to pay for internet, cable, or the associated equipment.

26. When Plaintiff's lease ended at the River City Apartments in 2018, he was not asked or required to return the internet or cable equipment.

27. When Claimant's lease ended at the River City Apartments, he left the internet and cable equipment in the apartment as requested.

28. After Claimant's lease ended and he moved out of the apartment, the owner of the apartment sold that unit.

29. Within the past year, Defendant began placing telephone calls to Plaintiff in an attempt to collect the alleged debt.

30. Within the past year, Defendant sent a letter to Plaintiff's new address in an attempt to collect the debt.

31. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

32. Defendant engaged in the foregoing conduct with intent to annoy, harass, and/or abuse

Plaintiff.

33. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

34. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant attempted to collect a debt that Plaintiff does not owe;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant attempted to collect a debt that Plaintiff does not owe, and when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    c. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant attempted to collect a debt that Plaintiff does not owe;

    d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken or cannot legally be taken, when Defendant attempted to collect a debt that Plaintiff does not owe;

 e. Defendant violated § 1692e(10) of the FDCPA by using any false misrepresentation or deceptive means to collect any debt, when Defendant attempted to collect a debt that Plaintiff does not owe;

 f. Defendant violated § 1692(f)(1) of the FDCPA by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, when Defendant attempted to collect a debt that Plaintiff does not owe; and

 g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, ALEXANDER MICHELINI, respectfully requests judgment be entered against Defendant, I.C. SYSTEM, INC., for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

39. Any other relief that this Honorable Court deems appropriate.

DATED: August 24, 2022                    RESPECTFULLY SUBMITTED,


                                              By: /s/ Michael R. Bertucci
                                                  Michael R. Bertucci
                                                  IL SBN: 6326591
                                                  Agruss Law Firm, LLC
                                                  4809 N. Ravenswood Ave., Suite 419
                                                  Chicago, IL 60640
                                                  Tel: 312-224-4695
                                                  Fax: 312-253-4451
                                                  mbertucci@agrusslawfirm.com
                                                  Attorney for Plaintiff